**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS LLC; THE BERNARD EDWARDS COMPANY LLC; MJ PUBLISHING TRUST d/b/a MIJAC MUSIC; EMI BLACKWOOD MUSIC, INC.; IRON TIGG MUSIC; CKJOINTZ MUSIC; WARNER-TAMERLANE PUBLISHING CORP; SONY/ATV SONGS LLC d/b/a SONY/ATV MELODY PEERMUSIC III LTD; SACATIN LLC, d/b/a SONGS OF CAMELEON,<br><br>Plaintiffs,<br><br>v.<br><br>WHISKEY BONE, INC. d/b/a WHISKY BONE'S ROADHOUSE; and TODD POWERS, individually;<br><br>Defendants. | CIVIL ACTION NO.: 13-CV-606 (SRN/JJK) |

**FINDINGS OF FACT**

**A. Parties**

1. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.

2. Plaintiff Sony/ATV Songs LLC is a limited liability company.

3. Plaintiff The Bernard Edwards Company LLC is a limited liability company.

4. Plaintiff The Bernard Edwards Company LLC is a limited liability company.

5. Plaintiff MJ publishing Trust is a Trust doing business as Mijac Music.

6. Plaintiff EMI Blackwood Music, Inc. is a corporation.

7. Plaintiff Iron Tigga Music is a sole proprietorship owned by Abraham Quintanilla III.

8. Plaintiff CKJointz Music is a sole proprietorship owned by Cruz Martinez. Plaintiff Warner-Tamerlane Publishing Corp is a corporation.

9. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Melody.

10. Plaintiff Peermusic III Ltd. is a corporation.

11. Plaintiff Sacatin LLC is a limited liability company doing business as Songs of Camaleon.

12. Defendant Whiskey Bone, Inc. is a corporation, organized and existing under the laws of the state of Minnesota which operates, maintains and controls an known as Whiskey Bone's Roadhouse located at 3820 Highway 63 North, Rochester, MN 55906-3903 in this district (the "Establishment").

13. Defendant Todd Powers is an individual and an officer of Defendant Whiskey Bone, Inc.

**B. Licensing Public Performance Rights**

14. BMI is a performing rights society which licenses the right to publicly perform a repertoire of 7.5 million copyrighted musical compositions works on behalf of the

copyright owners of these works.

15. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the “BMI Repertoire”).

16. BMI grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of “blanket license agreements”. These agreements have been recognized as the most efficient means to exploit copyright owners' public performance rights.

17. BMI operates as a non-profit-making performing rights organization. BMI distributes all of the money it collects in license fees from music users - - licensees such as the restaurants, hotels and nightclubs referenced above - - as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reasonable reserves.

**C. Defendant’s Infringement of BMI’s Repertoire**

18. The Defendants, Whiskey Bone, Inc. and Todd Powers, each individually, (collectively “Defendants”) own and operate Whiskey Bone’s Roadhouse, which regularly features performances of live and recorded music.

19. Between August 2010 and December 2012, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. BMI offered to enter into a blanket license agreement with the Defendants, but the Defendants did not do so.

20. BMI's licensing personnel telephoned the Defendants on thirty-six (36) occasions and forty-six (46) letters.

21. Defendants, without the authorization of BMI, publicly performed musical compositions from the BMI Repertoire, including the following musical compositions: (1) Good Times a/k/a Rappers' Delight (Copyright Reg. Nos. PA 37-207, PA 108-303) written by Nile Rodgers and Bernard Edwards and published by Sony/ATV Songs LLC and The Bernard Edwards Company, LLC; (2) Smooth Criminal (Copyright Reg. No. PA 350-364) written by Michael Jackson and published by MJ Publishing Trust d/b/a Mijac Music; Sshh a/k/a Sshhh!!! (Copyright Reg. No. PA1-046-461 written by A.B. Quinanilla III, Luigi Giraldo, and Cruiz Martinez and published by EMI Blackwood Music, Inc., Abraham Quintanilla III, an individual d/b/a Iron Tigga Music, Cruz Martinez, an individual d/b/a CKJointz Music, Warner-Tamerlane Publishing Corp and Sony/ATV Songs LLC d/b/a Sony/ATV Melody; and La Camisa Negra (Copyright Reg. No PAu 2-900-683) written by Juan Esteban Aristizabal and published by Peermusic III Ltd. and Sacatin LLC d/b/a Songs of Camaleon.

22. The estimated unpaid license fees total approximately $18,810. (*See* Stevens Decl. ¶ 17 [Doc. No. 16].) This amount consists of approximately $4,642 in unpaid license fees for the period of August 2010 through July 2011; $4,642 for the period of August 2011 through July 2012; and $4,686 for the period of August 2012 through July 2013. (*Id.*) The current unpaid annual license fee is $4,840 for the period of August 2013 through July 2014. (*Id.*)

23. Defendant Whiskey Bone, Inc. has a direct financial interest in the Establishment.

24. Defendant Todd Powers is an officer of Defendant Whiskey Bone, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

25. Defendant Todd Powers has the right and ability to supervise the activities of Defendant Whiskey Bone, Inc. and a direct financial interest in that corporation and the Establishment.

**D. Defendants Failed to Answer or Otherwise Respond to the Complaint**

26. Plaintiffs commenced this action by filing its Complaint on March 15, 2013. (Dkt. No. 1.)

27. Plaintiffs served Defendants with the Summons and Complaint on April 15, 2013, in accordance with the applicable Federal Rules of Civil Procedure. (Dkt. Nos. 4-5.)

28. Defendants were required to file and serve its Answer on Plaintiffs no later than May 6, 2013.

29. The time allowed by law, as provided for under the Federal Rules of Civil Procedure, for Defendants to answer the Complaint in this action has elapsed, and no answer or other pleading has been received by or served upon Plaintiffs or their attorneys.

30. Defendants are in default.

31. The Clerk of Court entered a default against Defendants on October 23,

2013. (Dkt. No. 10.)

32. Defendants were not at the time of the commencement of this action, or for three months prior thereto, in the military service of the United States. Defendant Todd Powers is over the age of 18. Defendant Whiskey Bone, Inc. is a corporation.

33. Since serving Defendants with the Summons and Complaint, Plaintiffs have communicated with Defendants and attempted to resolve the matter. Defendants ceased communicating with Plaintiffs.

34. Defendant has not made an appearance in this case.

35. Plaintiffs properly provided Defendants with Notice of the Motion for Default Judgment hearing and properly served Defendants with all pleadings in support of its Motion for Default Judgment. (Certificates of Service [Doc. Nos. 18 & 19].) Specifically, Plaintiffs served Defendants by mailing the pleadings to Defendants' last known addresses. (Id.)

## CONCLUSIONS OF LAW

36. Liability for copyright infringement is established where the defendant defaults as "[t]he facts alleged in the pleadings are assumed to be true." *Broad. Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 168 (D. N.J. 1995); *See also Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 658-59 (S.D.N.Y. 1996).

37. Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court. 17 U.S.C. §504(c) (1999).

38. Courts considering awards of statutory damages have recognized that

awards in the range of $3,000 to $10,000.00 per infringement or higher are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. *See Broad. Music, Inc. v. Imagination Indus.*, No. 8:12CV128, 2013 WL 3989056, at *3 (D. Neb. Aug. 6, 2013) (awarding $10,000.00 for each of three works infringed); *Broad. Music, Inc. v. Cape Girardeau Brewing Co., LLC*, No. 1:10-CV-189 (CEJ), 2011 WL 4625351, at *2 (E.D. Mo. Oct. 4, 2011) (awarding $4,000.00 for each of eight works infringed); *Broad. Music, Inc. v. Ottis, Inc.*, No. 8:09CV402, 2010 WL 5288106, at *4 (D. Neb. Dec. 16, 2010) (awarding $3,500.00 of each of eight works infringed); *Prater Music v Williams*, No. 87-0362-CV-W-6, 1987 WL 46354, at *3 (W.D. Mo. Nov. 3, 1987) (awarding $3,000.00 for each of seven works infringed).

39. Costs and attorneys' fees are recoverable under the Copyright Act. 17 U.S.C. § 505.

40. Courts have allowed full recovery by the prevailing party of its reasonable costs. *See Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1297 (D. R.I. 1982).

41. Courts may enjoin a defendant who infringes a copyright pursuant to the Copyright Act. 17 U.S.C. § 502.

## ORDER FOR JUDGMENT

42. Plaintiffs' Motion for Default Judgment [Dkt. No. 12] against Defendants Whiskey Bone, Inc. and Todd Powers is **GRANTED**, this Court finding that Defendants knowingly and intentionally infringed upon the copyrights of four (4) musical compositions set forth herein owned and/or licensed by Plaintiffs.

43. Plaintiffs shall recover from Defendants Whiskey Bone, Inc. and Todd Powers, statutory damages in the amount of $5,000 for each of the four (4) musical compositions, for a total of $20,000 pursuant to 17 U.S.C. Section 504(c)(1).

44. Plaintiffs shall recover from Defendants Whiskey Bone, Inc. and Todd Powers, full costs in this action, including reasonable attorney's fees in the amount of $5,275.00, pursuant to 17 U.S.C. Section 505. This amount represents a reasonable fee in light of the experience of counsel, the nature of the case, and the services provided.

45. Plaintiffs shall recover from Defendants Whiskey Bone, Inc. and Todd Powers, interest on the full amount of this judgment, from the date of this judgment, pursuant to 28 U.S.C. Section 1961.

46. Defendants Whiskey Bone, Inc. and Todd Powers and their agents, servants, employees and all persons acting under her permission or authority shall be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 9, 2014.

s/Susan Richard Nelson
SUSAN RICHARD NELSON
UNITED STATES DISTRICT JUDGE